IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT PALACIO VELLANOWETH,

    Petitioner,                   No. CIV S-12-0460 CKD P

    vs.

WILLIAM KNIPP,

    Respondent.               ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee and has consented to all proceedings in this matter being held before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

        Petitioner requests that this matter be stayed while he exhausts state court remedies with respect to certain claims which are not presented in the petition for writ of habeas corpus before this court. Because it appears petitioner is entitled to such a stay pursuant to King v. Ryan, 564 F.3d 1133, 1141 (9th Cir. 2009), the request for a stay will be granted. When petitioner has exhausted state court remedies with respect to the claims now pending in California's courts, petitioner may: 1) file a motion seeking leave to amend the petition already

/////

on file along with a copy of the proposed amended petition; 2) proceed on the petition already on file; or 3) dismiss this matter.[1]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request for a stay is granted;

2. This case is stayed;

3. The Clerk of the Court is directed to administratively close this case; and

4. Within fifteen days of exhaustion of state court remedies, petitioner shall:

  A. File a motion seeking leave to amend the petition for writ of habeas corpus already on file along with a copy of the proposed amended petition;

  B. Inform the court that he is electing to proceed on the petition already on file; or

  C. Dismiss this matter pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

Dated: March 14, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/mp
vell0460.100fee

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one-year limitations period for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year limitations period will start to run on the date on which the state court judgment becomes final by the conclusion of direct review or the expiration of time for seeking direct review, although the limitations period is tolled while a properly filed application for state post-conviction or other collateral relief is pending. 28 U.S.C. § 2244(d). While the court will grant petitioner a stay in this matter, the court makes no representation as to whether any of petitioner's claims, including those in the habeas petition currently before the court, are timely.